**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                     No. 95-5753

KWAME YAMOAH AFRIFA,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-95-100-A)

Argued: May 10, 1996

Decided: July 3, 1996

Before RUSSELL and LUTTIG, Circuit Judges,
and CHAPMAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Roger Allen Eddleman, Falls Church, Virginia, for
Appellant. Thomas Craig Bradley, Special Assistant United States
Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Helen F.
Fahey, United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kwame Yamoah Afrifa appeals his conviction and sentence for making false statements on a passport application in violation of 18 U.S.C. § 1542, and for making false statements to an agent of the United States in violation of 18 U.S.C. § 1001. Afrifa raises varied constitutional and procedural claims. Because none of Afrifa's rights were violated, we affirm his sentence and conviction.

I.

On August 15, 1991, Afrifa submitted a fraudulent United States passport application to the Trade Center Post Office in Alexandria, Virginia, along with a Virginia driver's license and a forged United States Virgin Islands birth certificate. The evidence of record showed that the photographs accompanying the passport application were of Afrifa and that Afrifa's fingerprints were found on both the original passport application and on the forged birth certificate. The handwriting on the application was also identified as Afrifa's.

Afrifa was tried twice. The first jury was unable to reach a unanimous verdict. A month later he was retried. During his second trial, at which he was convicted, Afrifa continued to deny having filled out the fraudulent passport application, continued to deny having fled from U.S. agents at the time of his arrest, and continued to claim that his fingerprints appeared on the application forms because U.S. agents handed him the originals some time after his arrest.

II.

Afrifa asserts that the district court violated his Fifth Amendment due process right and his Sixth Amendment right to confront witnesses. Afrifa argues that the district court violated his due process

2

right to a fair trial by denying his motion in limine to exclude the Government's handwriting expert from testifying. Afrifa believes that the expert's testimony should have been excluded because the Government violated Fed. R. Crim. P. 16(a)(1)(E) by not timely providing Afrifa with the basis and reasons for the expert's opinion that Afrifa had disguised his handwriting on the fraudulent passport application. Afrifa alternatively argues that the district court should have granted him a continuance because the Government's withholding of Rule 16 materials prejudiced his ability to adequately prepare for cross-examination of the Government's expert. We disagree with each of Afrifa's arguments.

Afrifa contends that in order for the expert's testimony to have been properly permitted, the Government should have given him the basis and reasons for the expert's opinion sooner than the evening before his second trial. A district court's ruling on a Rule 16 motion is reviewable only for abuse of discretion. United States v. Jackson, 51 F.3d 646, 651 (7th Cir. 1995) (holding that the government's summary of expert testimony regarding drug courier profiles sufficiently described the basis for expert opinion and witness qualifications, where the statement showed that testimony would be based on the witnesses' years of training and experience as drug agents).

Rule 16(a)(1)(E) does not specify how many days in advance of trial Rule 16 matters must be made available to the defendant. The rule only entitles the defendant to such materials, upon the defendant's request. Rule 16(a)(1)(E) states:

> At the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. This summary must describe the witnesses' opinions, the basis and the reasons therefore, and the witnesses qualifications.

Fed. R. Crim. P. 16(a)(1)(E). Because the rule is silent on a discovery deadline, the trial court often sets a deadline in its pre-trial discovery order with which the Government must comply when providing Rule 16(a)(1)(E) materials. In the instant case however, no deadline was set in the district court's pre-trial order.

3

Afrifa's trial began on Wednesday June 21, 1995. Although Afrifa received the expert's final report the evening before trial, the evidence of record reveals that Afrifa received portions of the expert's summary during the week prior to trial. In fact, on June 15, six days before trial, the Government orally informed Afrifa that it intended to call its handwriting expert to testify against Afrifa. The Government informed Afrifa as to the nature of the expert's testimony. The expert would testify that after comparing various documents, known to have been completed by Afrifa, to the passport application, she had determined that there were similarities sufficient to conclude that the same person wrote the documents. On Monday, June 19, Afrifa was provided with a two-page summary of the expert's analysis indicating her findings. This summary also informed Afrifa of the exhibits that the Government had prepared for trial. Regardless of this notice, Afrifa already knew that the specific documents used in the comparison study had been filed with the court on Wednesday, June 14, one week in advance of trial. Furthermore, Afrifa had known that handwritting was going to be an issue in his second trial because he had made handwriting analysis an issue in his first trial. And it was clear that the Government was going to pursue the handwriting issue in the second trial because it asked Afrifa to provide writing exemplars.

With this information before it, the district court dismissed Afrifa's motion in limine. The district court found:

> The defendant's claim of unfair surprise relating to handwriting of course is without foundation. The issue of handwriting had been alive and at the forefront since the mistrial in this case some time ago. It was very clear, since the Defendant made a great issue of it last time, that it would be an issue at the retrial. So it was obvious to the Defendant from the start that this would be an issue, and the Defendant had every opportunity to pursue his own handwriting experts.

> With respect to the notice, Rule 16 does refer to a written summary. It appears that on Thursday, June 15th, the Defendant received oral notice of the opinions that were to be rendered. And while the oral notice did not discuss precisely which characters were similar and where they appeared on

4

the paper, it did indicate which documents were compared, and the fact that she as an expert had found them similar. There was no written report that she had given as of that time, as I understand it.

Then on the 19th of June, which is Monday, the Defendant was provided with a two-page summary of findings by the document analyst indicating what her findings were and what exhibits, precisely were prepared. . . .

All right. As I see, the Rule 16 discovery order that has been entered, no deadline is set, nor does the rule set any deadline for the production of that information. So the Court really must focus on whether there is any fundamental unfairness to the Defendant in this regard, and the Court concludes ultimately there isn't. This Defendant has had ample notice that handwriting was going to be an issue in this case. He's had ample notice of what was going to be compared. He had the documents. . . .

The Court, accordingly, denies the motion for a continuance, and it also denies the motion in limine with respect to excluding the expert witness.

J.A. 360-64.

We hold the district court did not abuse its discretion in dismissing Afrifa's motion in limine to exclude the expert testimony. Although Afrifa was not provided a written summary of the expert's testimony until the day before trial, he had received all of the report's contents before having received the actual report. Therefore, Afrifa was not unduly surprised when he received the expert's report, and his right of due process was not violated.

Afrifa's alternative claim that the district court violated his Sixth Amendment right to confront witnesses is also meritless. As discussed above, Afrifa was put on notice of the Government's intended use of a handwriting expert when, after his first trial the Government requested that he provide writing exemplars. For over a month before

5

the start of his second trial, Afrifa knew that his handwriting was going to be an issue. Because Afrifa knew of the charges leveled against him and because he had notice that the Government intended to use a handwriting expert, Afrifa should have secured his own expert to rebut any anticipated testimony of the Government's expert. Furthermore, Afrifa had adequate notice of the expert's identity because the Government filed a Disclosure of Expert Witnesses, which included the expert's resume and curriculum vitae. Afrifa could have contacted the expert and interviewed her regarding her proposed testimony. Had Afrifa taken these precautions, he would have been better prepared to cross-examine the expert and defend himself at trial. Thus, we hold that Afrifa's right to confront witnesses was not prejudiced.

III.

Afrifa also contends the district court abused its discretion in failing to grant a mistrial when the Government began cross-examining Afrifa about his fraudulent marriage to gain citizenship and his former status as an illegal alien. We find that the district court's actions did not amount to a clear abuse of discretion.

On cross-examination Afrifa was asked:

> Q: Isn't it a fact that you arranged this marriage by offering to pay Maureen Ball what --
>
> Defense Counsel: I object . . . .

The objection was sustained before Afrifa could respond. A bench conference followed, after which the Government then asked whether Afrifa was illegally in the United States at the time of this marriage. Again, before he could answer, Afrifa's counsel objected, and the district court sustained the objection.

After a brief bench conference defense counsel moved for a mistrial. The district court overruled the motion stating: "There is no basis for that motion in the Court's view. . . . And, of course ladies and gentlemen you're instructed to disregard the question entirely."

J.A. 632. During the remainder of the trial, the Government made no further inquiries or references implying that Afrifa's marriage was a sham or that he had been in the United States illegally.

Denial of mistrial is reviewable only for abuse of discretion. United States v. Dorsey, 45 F.3d 809, 817 (1995). For the trial court's ruling to constitute a clear abuse of discretion, the defendant must show prejudice. Id.

The following four factors aid in determining whether or not the Government's questions prejudiced Afrifa's case:

> 1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused;
>
> 2) whether the remarks were so isolated or extensive;
>
> 3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and
>
> 4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir. 1983), cert. denied, 466 U.S. 972 (1984). Despite Afrifa's protestations otherwise, a finding of prejudice cannot be found when we review the Government's inquiries in light of the four factors.

First, based on the evidence of record, there is no colorable claim that the remarks mislead the jury or had the tendency to mislead the jury. The district court sustained Afrifa's objections following each question and gave a curative instruction regarding the second inquiry. Furthermore, the district court prohibited the Government from pursuing either of these lines of cross-examination. The jury instructions also helped cure any potential prejudice by reminding the jurors that "when the court has sustained an objection to a question addressed to a witness, the jury must disregard the question and may draw no inference from the wording of it, or speculate as to what the witness

7

would have said had she or he been permitted to answer the question." J.A. at 291-92.

Second, the Government's inquiries were brief, isolated, and went unanswered.

Third, the jury could make individual guilt determinations based on the Government's presentation of forensic evidence of fingerprints, photographs, and handwriting analysis.

Fourth, there is no evidence that the comments were deliberately placed before the jury to divert attention to extraneous matters.

Accordingly, we hold the district court did not abuse its discretion in not granting Afrifa's motion for a mistrial.

IV.

We have considered the other arguments Afrifa raised, all of which we determine are without merit. We therefore affirm Afrifa's conviction and sentence for violating 18 U.S.C. § 1542 and 18 U.S.C. § 1001.

AFFIRMED

8